IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| TURAHN SIMMONS, | ) |
| | ) |
| Plaintiff, | ) 1:22-CV-00027-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) CHIEF UNITED STATES |
| WARDEN BISHOP, OF VENANGO | ) MAGISTRATE JUDGE |
| COUNTY PRISON; | ) |
| | ) |
| | ) MEMORANDUM OPINION REGARDING |
| Defendant, | ) DEFNDANT'S MOTION TO DISMISS |
| | ) |
| | ) IN RE: ECF NO. 14 |

Presently before the Court is Defendant Warden Bishop's Motion to Dismiss for failure to state a claim upon which relief can be granted. ECF No. 1. As more fully set forth herein, because Plaintiff Turahn Simmons has failed to respond to the motion as ordered by the Court or otherwise indicate his intention to proceed with this litigation, Plaintiff's Complaint will be dismissed based on his failure to prosecute this action, and the Motion to Dismiss will be dismissed as moot.[1]

This Court issued an Order directing Plaintiff to respond to the Motion to Dismiss by September 14, 2022. *See* ECF No. 16. Plaintiff failed to file a response as ordered. On December 17, 2022, the Court issued an Order to Show Cause directing Plaintiff to explain why this matter should not be dismissed due to Plaintiff's failure to respond to the pending Motion to

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 3, 13.

1

Dismiss. ECF No. 18. Plaintiff was advised that his failure to respond to the Order to Show Cause by December 30, 2022, could result in this case being dismissed for failure to prosecute. *Id.* To date, Plaintiff has failed to respond to the Order to Show Cause. No order or other communication from the Court has been returned as undeliverable.

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). When exercising this discretion, the Court must consider six factors. These factors, set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
> (3) A history of dilatoriness.
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
> (6) The meritoriousness of the claim or defense.

*Id.*; *see also Dickens v. Danberg*, 700 Fed. Appx 116, 117 (3d Cir. June 28, 2017) (discussing *Poulis* factors). In balancing these factors, there is no "magic formula" or "mechanical precision" to determine how they are to be considered. *Torres v. Gautsch*, 304 F.R.D. 189, 193 (M.D. Pa. 2015). Instead, the Court must weigh each factor, and no single factor is dispositive to the issue. *Id.*

Consideration of these factors favors dismissal. Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case may proceed and weigh heavily against him. *See, e.g., Somerville v. Finney*, 2021 WL 2941662, at *2 (W.D. Pa. July 13, 2021).

With respect to the second factor—the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders—beyond the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Similarly, Factor 6—the meritoriousness of the claim—will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The final consideration is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's repeated failure to comply with the Court's orders indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. *Mindek*, 964 F.2d at 1373.

Accordingly, the court finds that the *Poulis* factors weigh in favor of dismissal. Plaintiff has failed to timely comply with the Court's show cause orders and has yet to substantively respond to Defendant's motion to dismiss. This case will therefore be dismissed sua sponte pursuant to Federal Rule of Civil Procedure 41(b). The pending Motion to Dismiss, ECF No. 14, will be dismissed as moot. An appropriate Order will follow.

DATED this 9th day of January, 2023.

BY THE COURT:

*/s/ Richard A. Lanzillo*

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE