IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| TURAHN SIMMONS, | ) | |
| | ) | |
| Plaintiff | ) | 1:22-CV-00027-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | CHIEF UNITED STATES |
| WARDEN BISHOP OF VENANGO | ) | MAGISTRATE JUDGE |
| COUNTY PRISON, | ) | |
| | ) | MEMORANDUM OPINION ON |
| Defendant | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | |
| | ) | ECF NO. 14 |
| | ) | |

I.      Introduction

Plaintiff Turahn Simmons alleges that before he was transferred from the Venango

County Prison to the State Correctional Institution at Smithfield, Defendant Warden Bishop

informed him that his personal property[1] would be "handled with care" and sent on to his

daughter, Alyssa Black, of Erie, Pennsylvania. *See* ECF No. 7, ¶ 8 (Amended Complaint).  The

personal property was never received.  Simmons has now sued Warden Bishop and the Venango

County Prison under 42 U.S.C. § 1983, alleging the Defendants violated his rights to due process

and further asserting that Warden Bishop's actions amounted to negligence. *Id.*, ¶ 12.  Warden

Bishop has filed a motion to dismiss. *See* ECF No. 14.  Simmons has filed a response in

opposition (ECF No. 27).  For the reasons stated herein, the motion will be GRANTED.[2]

---

[1] Simmons alleges that his personal property included a laptop, cell phone, "cool pad," "solid gold lion head medallion, 26-inch gold rope, 36-inch solid gold rosary with diamonds, 2 Cuban link necklaces, 7 solid gold rings, 1 diamond bracelet, 2 diamond earrings, 2 watches, 1 solid gold watch, 1 solid gold bracelet, all of my ID/debit card, plus other personal property." ECF No. 7, ¶ 8.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §636(c)(1).

II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In

deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual

allegations in the complaint and views them in a light most favorable to the plaintiff.  *See U.S.*

*Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  The "court[] generally

consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of

public record, and documents that form the basis of a claim" when considering the motion to

dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the

plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual

allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-36 (3d ed. 2004)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570

(rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78

(1957)).

While a complaint does not need detailed factual allegations to survive a motion to

dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555.  A

"formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)).  Moreover, a court need not accept inferences drawn by a

2

plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly*/*Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Simmons is proceeding pro se, the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite

3

proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

III.     Discussion and Analysis

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution [or] laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Simmons has named Warden Bishop and the Venango County Jail as defendants. The claim against the latter is facially invalid because a jail or prison is not a person subject to liability under § 1983. *See Rehberg v. Paulk,* 566 U.S. 356, 361 (2012); *Crawford v. McMillan*, 660 Fed. Appx 113, 116 (3d Cir. 2016) (holding Lackawanna County Prison is not an entity subject to suit under § 1983). Therefore, the Court will dismiss Simmons' claims against the Venango County Jail with prejudice.

Warden Bishop is a person subject to suit under § 1983. Simmons claims Warden Bishop violated his Fourteenth Amendment due process rights. To the extent he alleges that Bishop acted negligently,[3] "the Due Process Clause is simply not implicated by a negligent act of any official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Therefore, Simmons cannot sustain a constitutional claim based on allegations that Bishop acted negligently in handling or losing his personal property. *See e.g., Morgan v. Wetzel*, 2020 WL 7522.4928 (M.D. Pa. Dec. 21, 2020).

---

[3] The Complaint alleges: "Defendant, Warden Bishop ... violated due process and also showed negligence in this matter." ECF No. 12, ¶ 12.

4

To the extent Simmons contends that Warden Bishop intentionally deprived him of his property, his claim also fails because the prison grievance system and Pennsylvania law provide him with adequate state remedies.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaning post-deprivation remedy for the loss is available." *Spencer v. Bush*, 543 Fed. Appx. 209, 2013 (3d Cir. 2013) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533)); *Shakur v. Coelho*, 421 Fed. Appx. 132, 134 (3d Cir. 2011) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

Because the Venango County Prison is not subject to suit under § 1983, and the availability of adequate state law remedies precludes Simmons' Fourteenth Amendment due process claim against Warden Bishop, the Court will grant Defendants' motion to dismiss and dismiss Simmons' complaint.

IV.    Leave to Amend

A district court should generally provide a pro se plaintiff like Simmons with leave to amend unless amending  would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Also, "in civil rights cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  Here, further amendment would be futile. Accordingly, the Court will deny leave to amend and dismiss Simmons' claims with prejudice. To the extent the Complaint can be construed as asserting claims under state law, the Court declines to exercise supplemental jurisdiction.

5

V.    Conclusion

For the foregoing reasons, the Court will grant Defendants' motion to dismiss [ECF No. 14] and dismiss his federal constitutional claims with prejudice.

A separate order follows.

DATED this 5th day of February 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE